STATE OF MAINE                                    SUPERIOR COURT
PENOBSCOT, SS.                                    CIVIL ACTION
                                                  DOCKET NO. CV-2008-109

LOUISE M. REGAN,

        Plaintiff,
        v.                          ORDER
MAINE S.A.D 63 ET AL,

        Defendant.



FILED
SUPERIOR COURT
MAY 30 2008
PENOBSCOT COUNTY

Hearing was held on the defendant's motion to dissolve temporary restraining order on May 21, 2008. The plaintiff was present and represented by counsel, Thad B. Zmistowski, Esq., while the defendant SAD 63 was present and represented by counsel, Bryan Dench, Esq.. At this hearing the defendant urged the court to dissolve the temporary restraining order (TRO) it issued on May 13, 2008 that enjoined the defendant from continuing their investigation of plaintiff including conducting an examination of plaintiff under oath.

Initially, the defendant argues that the restraining order should be dissolved because it should not have been issued without notice because the defendant had expressed its willingness to delay the examination under oath, causing the alleged harm not to be immediate, and because it was clear who was representing the defendant. Based on the level of participation that defendant had granted plaintiff and her lawyer in their attempt to be present during meetings that involved plaintiff's employment status, the court does not fault plaintiff for subjectively believing that it was necessary to proceed on an ex-parte basis to exercise her statutory and constitutional rights in resisting the employment action being taken against her. Additionally, the court accepts the explanation provided by plaintiff's attorney that it was not clear who was representing the defendant. Finally, the court notes that M.R.Civ. P. 65 only requires

that the applicant for the injunction certify the efforts that have been made to give notice and the reasons supporting the claim that notice should not be required, which was done. The criteria for dissolution, to be described in the following paragraph, do not include the failure to prove adequate grounds justifying the earlier lack of notice.

As both parties agree, a party seeking temporary or injunctive relief must demonstrate (1) that it will suffer irreparable injury if the injunction is not granted, (2) that the injury outweighs any harm that granting the injunctive relief would inflict on the other party, (3) that it has a likelihood of success on the merits, and (4) that the public interest will not be adversely affected by granting the injunction. Because the court is only acting on the motion to dissolve the TRO at this time, its analysis is confined to issues surrounding the investigation and examination under oath. Other issues raised in the motion for temporary restraining order and preliminary injunction, such as the plaintiff's being placed on administrative leave with pay were not a part of the order issued that the defendant seeks to have dissolved and therefore are not resolved by this order.

Addressing a likelihood of success on the merits first, the court finds that it is likely that the action taken by the SAD 63 board on March 24, 2008 in deciding to conduct an investigation of plaintiff was unlawful, but not because the action was violative of 1 MRSA§ 405(6)(A). The court does not construe this section broadly enough to preclude the board from meeting with its attorney without the plaintiff present pursuant to 405(6)(E) to discuss commencing an investigation, but finds the section to apply only when the board discusses or considers action that actually affects the "employment, appointment, assignment, duties, promotion, demotion, compensation, evaluation, disciplining, resignation or dismissal" of an individual subject to the board's authority, or the actual "investigation or hearing of charges or

complaints" against that person. Deciding whether to authorize another person or entity to conduct an investigation does not fall within either of these statutory categories.

What makes it likely that the action is unlawful is the fact that plaintiff was hired, as described in the relevant "Superintendent's Contract", by "the Joint Union School Board of School Administrative No. 63 and Airline Community School District No. 8", and the entity that authorized the investigation into her performance was SAD 63 only. It is likely that it would be ruled that since plaintiff's employment contract was with the joint entity, only the joint entity, acting lawfully, can terminate her employment. There is no indication, since there was no member of CSD 8 present at the March 24 meeting, that the authorization for the investigation was the product of a joint vote.

Addressing the other relevant criteria, the court finds that the injury to the plaintiff if there were no injunction outweighs the defendant's interest in proceeding in a manner that is potentially unlawful, and the public interest will not be adversely affected by preventing the defendant from proceeding in a manner that is potentially unlawful.

Finally, for the injunction to persist, the court must find the existence of irreparable injury to the plaintiff. On this point, the court agrees with the defendant's contention that the plaintiff will not suffer irreparable injury if the injunction were lifted. In a similar situation, the United States District Court for the District of Maine ruled that the act of investigating a public official alone, with no resultant adverse employment action taken by the public entity, does not implicate a protected property or liberty interest. Temple v. Inhabitants of City of Belfast, 30 F.Supp. 2d 60, 65 (D. Me. 1998). Under these circumstances, it would be difficult to find the existence of irreparable injury to the plaintiff.

To provide guidance to the parties, and based on the pleadings and arguments submitted thus far, the court will comment on an issue that may arise at a future hearing. The plaintiff raises the additional issue in her motion for preliminary injunction that has not yet been heard, of her having been placed on administrative leave with pay unlawfully. Needless to say, the fact that the board that placed her on administrative leave did not include any CSD 8 members is a potential infirmity. With regard to the plaintiff's right to have been present in executive session when the board discussed whether to place her on administrative leave with pay and voted to do so, placing a person on leave is a decision of greater impact and consequence on the person than a decision to hire someone to commence an investigation and section 405(6) may require that she have the right to be present. Finally, in light of the relevant case law, it is likely that being placed on paid administrative leave does not constitute irreparable injury.

Based on the foregoing, the court grants defendant's motion to dissolve and vacates its temporary restraining order signed on May 13, 2008.


The clerk is directed to incorporate this Order into the docket by reference.


Dated: May 30, 2008

WILLIAM ANDERSON
JUSTICE, SUPERIOR COURT

LOUISE M REGAN VS MAINE SCHOOL ADMINISTRATIVE DISTRICT 63
UTN:AOCSsr  -2008-0043541                    CASE #:BANSC-CV-2008-00109
------------------------------------------------------------------------
LOUISE  M. REGAN                                        PL
ATTY ZMISTOWSKI, THAD
ATTY ADDR:80 EXCHANGE ST PO BOX 1210 BANGOR ME 04402-1210
ATTY CANDERS, JOHN F.
ATTY ADDR:80 EXCHANGE ST PO BOX 1210 BANGOR ME 04402-1210

MAINE SCHOOL ADMINISTRATIVE DISTRICT 63                 DEF
ATTY DENCH, BRYAN
ATTY ADDR:95 MAIN STREET PO BOX 3200 AUBURN ME 04212-3200


M=More, Space = Exit:M

Select the EXIT KEY for page selection line.